UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| MEIHUA GROUP INTERNATIONAL TRADING (HONG KONG) LIMITED AND XINJIANG MEIHUA AMINO ACID CO., LTD., <br>                    Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br>                    Defendant. | Ct. No. 22-cv-00069 |

**COMPLAINT**

Plaintiffs, Meihua Group International Trading (Hong Kong) Limited and Xinjiang Meihua Amino Acid Co., Ltd (collectively, "Meihua"), by and through its undersigned attorneys, makes the following allegations.

**INTRODUCTION**

1. This action challenges the decision by the Department of Commerce ("Commerce") that parties should respond to requests for information that Commerce has not made. Commerce requested that Meihua report certain information, including the amount of duties paid to Customs & Border Protection ("CBP") and related information. Meihua provided full and complete responses to the precise requests for information, including the amount Meihua paid to Customs. Meihua further explained how it was reporting some information that was unknowable at the time Meihua provided its response. At no time did Commerce notify Meihua that Meihua's responses were deficient, even though Commerce issued two subsequent supplemental questionnaires with other follow-up requests for information. Commerce never provided Meihua with the statutorily-required opportunity to remedy any deficiency.

1

2. Commerce resorted to the draconian penalty of a 154.07% total adverse facts available ("AFA") to determine Meihua's antidumping duty margin, despite Meihua's cooperating to the best of its ability by providing all the information requested by Commerce. The decision to apply AFA is not supported by the factual record or by law because there is no information missing from the record to warrant application of facts available ("FA"), and none of the other statutory criteria for resort to FA and AFA was satisfied. Commerce's selected an unlawfully punitive and disproportionate total AFA margin in the *Final Results*: 154.07% rate, when the highest calculated rate found in prior administrative reviews was just 9.3%, and when the rates calculated for Meihua when individually investigated have all been 0.00%.

3. This Court should remand Commerce's decision for Commerce to acknowledge that Meihua provided full responses to Commerce's precise requests for information and to calculate Meihua's antidumping duty rate based upon the information Meihua provided.

## ADMINISTRATIVE DECISION TO BE REVIEWED

4. Paragraphs 1 to 3 are realleged and incorporated herein by reference.

5. Meihua contests certain aspects of the final results of the antidumping duty administrative review on xanthan gum from the People's Republic of China, published as, *Xanthan Gum From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019–2020*, 87 Fed. Reg. 7104 (Feb. 8, 2022) ("*Final Results*"), and accompanying Issues and Decisions Memorandum ("*Dec. Mem.*").

## JURISDICTION

6. Paragraphs 1 to 5 are realleged and incorporated herein by reference.

7. Meihua brings this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii) to contest Commerce's *Final Results* under 19 U.S.C. § 1675. *See Final Results*, 87 Fed. Reg.

7104, and accompanying *Dec. Mem*.  Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING

8.  Paragraphs 1 to 7 are realleged and incorporated herein by reference.

9.  Meihua is a foreign producer and exporter of subject merchandise that participated in the review resulting in the contested determination by submitting factual information and legal argument.  Accordingly, Meihua is an interested party within the meaning of 28 U.S.C. § 2631(k)(1), 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A), and is a party to the proceeding within the meaning of 28 U.S.C. § 2631(c).

## TIMELINESS

10.  Paragraphs 1 to 9 are realleged and incorporated herein by reference.

11.   Commerce published the Final Results on February 8, 2022.  See *Final Results*, 87 Fed. Reg. 7104.  This action was commenced by the filing of a Summons, on March 8, 2022, within 30 days after the February 8, 2022, publication of the *Final Results*; and by the filing of this Complaint within 30 days after the filing of the Summons.  Thus, this action was timely commenced pursuant to 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

## BACKGROUND

12.  Paragraphs 1 to 11 are realleged and incorporated herein by reference.

13.  Meihua was selected as a mandatory respondent in the administrative proceeding underlying the contested *Final Results* and timely filed a separate rate certification and responses to all Commerce's requests for information.

14. Meihua meticulously answered the requests for information, providing full and complete responses to the precise requests Commerce issued.

15. In the preliminary results of the underlying review, Commerce claimed that Meihua had withheld information that Commerce had requested.  Commerce requested that Meihua "report the unit amount any customs duty paid on merchandise under consideration."  Meihua reported the precise amount of the customs duty it paid.  Meihua did not withhold this or any other information specifically requested by Commerce.

16. Meihua explicitly clarified to Commerce the terms of sale, which necessarily included a degree of uncertainty as to how much would be owed as customs and other duties.

17. Despite providing complete responses to the specific requests for information Commerce made, Commerce preliminarily decided that Meihua knowingly had reported inaccurate information and thus significantly impeded the investigation.

18. As a result of Commerce's preliminary decisions, Commerce preliminarily assigned a rate to Meihua that was based upon total adverse facts available ("AFA"):  154.07%.

19. In its case brief, Meihua emphasized that it had responded to the precise request for information Commerce had made – for the "amount {of} any customs duties *paid*."  (Emphasis added.)  Meihua reported the amount of duty it had paid and clarified in its response that it had paid amounts "due at the time of entry."

20. Meihua further argued that the administrative record contains no gap that could support a resort to facts available or AFA, and to the extent Commerce believed there was a gap in the record, Commerce failed to notify Miehua that requested information was missing from the administrative record or to provide Meihua with an opportunity to remedy the missing information, as required by 19 U.S.C. § 1677m(d).

21. Meihua also argued that, to the extent Commerce continued to find that Meihua should have provided information other than that specifically requested, that Commerce could remedy any deficiency through the use of partial AFA.  When applying AFA, Commerce cannot decline to use timely submitted, complete, verifiable information – which is exactly what Meihua provided.

22. Finally, Meihua argued that Commerce could not impose an aberrational or punitive rate (or one that is inconsistent with the level of alleged culpability) like the rate Commerce determined in the preliminary results, as that rate has no connection to the commercial reality of the industry, as demonstrated by the results of previous reviews in which Commerce had calculated 0.00% rates for all individually investigated respondents with a single exception where the calculated rate was 9.3%.  In this light, the 154.07% rate determined by Commerce is disproportionate, aberrational, and punitive.

## STATEMENT OF CLAIMS

### COUNT 1

23. Paragraphs 1 to 22 are realleged and incorporated herein by reference.

24. Meihua provided complete responses to the precise requests for information Commerce made of Meihua and provided all the information needed to calculate antidumping duty margins for Meihua.  Thus, Commerce's resort to facts available was unsupported by substantial evidence and otherwise are not in accordance with law.

### COUNT 2

25. Paragraphs 1 to 24 are realleged and incorporated herein by reference.

26. Meihua provided complete responses to the precise requests for information Commerce made of Meihua, and otherwise fully cooperated in the investigation to the best of its abilities.

Commerce failed to notify Meihua that it believed there was a deficiency in its responses to Commerce's requests for information, as required by 19 U.S.C. § 1677m(d) or to give Meihua an opportunity to remedy any deficiency identified by Commerce. To the extent any information necessary to Commerce's calculation of Meihua's antidumping duty margin, Commerce could only resort to neutral facts available as it was not authorized to resort to AFA. Thus, Commerce's decision to determine Meihua's rate based upon AFA was unsupported by substantial record information and otherwise are not in accordance with law.

## COUNT 3

27. Paragraphs 1 to 26 are realleged and incorporated herein by reference.

28. Meihua provided complete responses to the precise requests for information Commerce made of Meihua, and otherwise fully cooperated in the investigation to the best of its abilities. To the extent information was missing from the record Commerce was required to apply neutral facts available. Commerce's unlawful use of adverse facts available was compounded by its selection of a rate that was unlawfully disproportionate, aberrational, and punitive. Commerce selection of the 154.07% total AFA rate was unsupported by substantial evidence and otherwise are not in accordance with law.

## COUNT 4

29. Paragraphs 1 to 28 are realleged and incorporated herein by reference.

30. Commerce made other decisions in its calculations in the *Final Results* that led to the imposition of an excessively high antidumping duty rate for Meihua, that are not supported by substantial evidence on the record and are otherwise not in accordance with law.

**PRAYER FOR RELIEF**

WHEREFOR, the plaintiffs respectfully request that this Court enter judgment as follows:

1. Sustaining counts one through four of plaintiffs' complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this Court;

3. Providing such other relief as the court may deem just and appropriate, including, but not limited to, available relief under the Equal Access to Justice Act.

Respectfully submitted,

/s/ Mark B. Lehnardt

Mark B. Lehnardt

Law Offices of David L. Simon, PLLC
1025 Connecticut Ave., N.W., Ste. 1000
Washington, DC 20036
Tel.:  202.642.4850
Email:  MarkLehnardt@DLSimon.com

*Counsel to Meihua Group International Trading (Hong Kong) Limited and Xinjiang Meihua Amino Acid Co., Ltd*

Dated:  April 6, 2022