Slip Op. 24-86

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| MEIHUA GROUP INTERNATIONAL TRADING (HONG KONG) LIMITED and XINJIANG MEIHUA AMINO ACID CO., LTD., | |
| **Plaintiffs,** | |
| and | |
| DEOSEN BIOCHEMICAL (ORDOS) LTD., DEOSEN BIOCHEMICAL LTD., and JIANLONG BIOTECHNOLOGY COMPANY, LTD., | Before:  Jennifer Choe-Groves, Judge<br><br>Consol. Court No. 22-00069 |
| **Consolidated Plaintiffs,** | |
| v. | |
| UNITED STATES, | |
| **Defendant.** | |

## OPINION AND ORDER

[Sustaining the U.S. Department of Commerce's second remand redetermination of the 2019–2020 administrative review of the antidumping duty order on xanthan gum from the People's Republic of China].

Dated: July 29, 2024

Mark B. Lehnardt, Law Offices of David L. Simon, PLLC, of Washington, D.C., for Plaintiffs Meihua Group International Trading (Hong Kong) Limited and Xinjiang Meihua Amino Acid Co., Ltd.

Chunlian (Lian) Yang, Alston & Bird, LLP, of Washington, D.C., for Consolidated Plaintiffs Deosen Biochemical (Ordos), Ltd. and Deosen Biochemical Ltd.

Robert G. Gosselink, Aqmar Rahman, Jonathan M. Freed, Kenneth N. Hammer, and MacKensie R. Sugama, Trade Pacific, PLLC, of Washington, D.C., for Consolidated Plaintiff Jianlong Biotechnology Company, Ltd.

Sosun Bae, Senior Trial Attorney, and Kelly Ann Krystyniak, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  Of Counsel was Spencer C. Neff, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Choe-Groves, Judge:  This action concerns the 2019–2020 administrative review of the antidumping duty order on xanthan gum from the People's Republic of China ("China") conducted by the U.S. Department of Commerce ("Commerce"), covering the period from July 1, 2019 through June 30, 2020.  See Xanthan Gum from the People's Republic of China ("Final Results"), 87 Fed. Reg. 7104 (Dep't of Commerce Feb. 8, 2022) (final results of antidumping duty administrative review and final determination of no shipments; 2019–2021); see also Issues and Decision Memorandum for the Final Results of the 2019–2020 Antidumping Duty Administrative Review of Xanthan Gum from the People's Republic of China ("Final IDM"), ECF No. 23-3.

Before the Court is Commerce's Redetermination Pursuant to Court Remand Order in Meihua Group International Trading (Hong Kong) Limited et al. v. United States ("Second Remand Redetermination"), ECF Nos. 73, 74.  See Meihua

Grp. Int'l Trading (Hong Kong), Ltd. v. United States ("Meihua II"), 48 CIT __,

686 F. Supp. 3d 1359 (2024).  Also before the Court is Plaintiffs' Unopposed

Motion to Forego Comment Period ("Plaintiffs' Motion" or "Pls.' Mot."), ECF No.

78, filed by Meihua Group International Trading (Hong Kong) Limited and

Xinjiang Meihua Amino Acid Co., Ltd. ("Plaintiffs" or "Meihua").

For the reasons discussed below, the Court sustains Commerce's Second

Remand Redetermination and grants Plaintiffs' Motion.

## BACKGROUND

The Court presumes familiarity with the facts and procedural history of this

case as set forth in Meihua Group International Trading (Hong Kong) Limited v.

United States ("Meihua I"), 47 CIT __, __, 633 F. Supp. 3d 1203, 1207–08 (2023)

and Meihua Group International Trading (Hong Kong), Limited v. United States

("Meihua II"), 48 CIT __, __, 686 F. Supp. 3d 1359, 1364–65 (2024).

In the Final Results, Commerce determined that Meihua knowingly provided

inaccurate data and withheld relevant information, and Commerce applied an

adverse inference when it selected from the facts otherwise available on the record

to determine Meihua's dumping margin.  Final IDM at 11–16.  Commerce applied

a dumping margin rate of 154.07% to Meihua.  Final Results, 87 Fed. Reg. at 7105.

Commerce assigned Consolidated Plaintiffs Deosen Biochemical (Ordos) Ltd. and

Deosen Biochemical Ltd. (collectively, "Deosen") and Jianlong Biotechnology

Consol. Court No. 22-00069                                              Page 4

Co., Ltd. ("Jianlong") a dumping margin rate of 77.04% for separate companies

not individually investigated, based on the average of the 154.07% dumping

margin rate assigned to Meihua and the 0% dumping margin rate assigned to

Neimenggu Fufeng Biotechnologies Co., Ltd., Xinjiang Fufeng Biotechnologies

Co., Ltd., and Shandong Fufeng Fermentation Co., Ltd.  Id.  Commerce also

treated Deosen as a single collapsed entity and determined that Deosen had

shipments to the United States during the period of review.  Final IDM at 8.

Commerce rejected Deosen Biochemical Ltd.'s offer to provide additional

documents showing that Deosen Biochemical Ltd. did not have shipments during

the period of review and Commerce did not rescind the review of Deosen

Biochemical Ltd.  Id. at 7–8

    In Meihua I, the Court remanded for Commerce to reconsider the application

of total adverse facts available and the highest dumping margin rate to Meihua

because the Court concluded that Commerce failed to satisfy its statutory

obligation under 19 U.S.C. § 1677m(d).  Meihua I, 47 CIT at __, 633 F. Supp. 3d

at 1212.  The Court directed Commerce to reconsider the applicable separate rate

for Jianlong and Deosen in light of any changes Commerce made to Meihua's

dumping margin rate.  Id. at __, 633 F. Supp. 3d at 1213.  The Court also remanded

for Commerce to perform a collapsing analysis pursuant to 19 C.F.R. § 351.401(f)

to determine whether the Deosen entities should have remained collapsed, whether

Consol. Court No. 22-00069                                           Page 5

Deosen Biochemical Ltd. was an exporter with shipments of subject merchandise during the period of review, and whether Commerce should have rescinded Deosen Biochemical Ltd.'s review.  Id. at __, 633 F. Supp. 3d at 1215.

In the Final Results of Redetermination Pursuant to Court Remand ("First Remand Redetermination"), ECF Nos. 52-1, 53-1, Commerce did not provide Meihua with an opportunity to remedy any deficiencies and continued to apply total adverse facts available to Meihua.  First Remand Redetermination at 7–13, 18–21.  Commerce made no changes to Meihua's dumping margin rates and the Consolidated Plaintiffs' separate rate.  Id. at 16, 18–21, 27–29.  Commerce did not conduct a collapsing analysis of the Deosen entities based on Commerce's prior determination that the collapsed entities comprised a single entity.  Id. at 14–16, 23–25.

In Meihua II, the Court remanded for Commerce to reconsider the application of total adverse facts available and the highest dumping margin rate to Meihua pursuant to Commerce's statutory obligation under 19 U.S.C. § 1677m(d) and for Commerce to reconsider the separate rate based on any changes made to Meihua's dumping margin rate.  Meihua II, 48 CIT at __, 686 F. Supp. 3d at 1370. The Court also remanded for Commerce to conduct a new collapsing analysis of Deosen based on information specific to the relevant period of review.  Id. at __, 686 F. Supp. 3d at 1374.

Consol. Court No. 22-00069                                                    Page 6

Commerce filed its <u>Second Remand Redetermination</u>, determining that: (1) a rate of 0% was appropriate for Meihua for the period of review; (2) a separate rate of 0% for Jianlong and Deosen was also appropriate for the period of review; (3) Deosen Biochemical Ltd. and Deosen Biochemical (Ordos) Ltd. did not comprise a single entity during the period of review; and (4) the 2019–2020 administrative review for Deosen Biochemical Ltd. should be rescinded. <u>Second Remand Redetermination</u> at 2.

Plaintiffs filed a motion to forego the comment period and requested that the Court affirm Commerce's <u>Second Remand Redetermination</u>. Pls.' Mot. at 1–2. No party opposed Plaintiffs' Motion or filed comments opposing the <u>Second Remand Redetermination</u>. <u>Id.</u>

## JURISDICTION AND STANDARD OF REVIEW

The U.S. Court of International Trade has jurisdiction pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) and 28 U.S.C. § 1581(c), which grant the Court authority to review actions contesting the final determination in an administrative review of an antidumping duty order. The Court shall hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). The Court reviews determinations made on remand for compliance with the Court's remand order.

Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT 727, 730, 992 F.

Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

Plaintiffs and Consolidated Plaintiffs waive their right to file comments

regarding Commerce's Second Remand Redetermination and ask the Court to

sustain the Second Remand Redetermination.  Pls.' Mot. at 2.

Commerce calculated a 0% weighted average dumping margin based on

information reported by Meihua in its June 16, 2021 response to Commerce's third

supplemental questionnaire and the final usable U.S. sales database that Meihua

submitted in its June 4, 2021 response to Commerce's second supplemental

questionnaire.  Second Remand Redetermination at 8 (citing Meihua's Resp.

Second Supp. Sec. C/D Questionnaire at Ex. SC2-6, PR 230;[1] Meihua's Resp.

Third Supp. Sec. C/D Questionnaire, PR 244).  Consistent with Commerce's

practice of using a reasonable method to establish the estimated all-others rate for

exporters and producers not individually investigated, Commerce determined that

it was reasonable to assign a dumping margin of 0% to Jianlong and Deosen.  Id. at

9.

---

[1] Citations to the administrative record reflect the public record ("PR") and public
remand record ("PRR") numbers filed in this case, ECF Nos. 45, 62.

On second remand, Commerce issued requests in March and April 2024 for Deosen to identify record information and provide new factual information regarding the collapsed status of Deosen Biochemical Ltd. and Deosen Biochemical (Ordos) Ltd. for the 2019–2020 period of review.  Id. at 10–11.  Commerce conducted a collapsing analysis based on Deosen Biochemical Ltd.'s certification that Deosen Biochemical Ltd. made no shipments during the period of review and information showing that Deosen Biochemical Ltd. was not capable of producing xanthan gum or a similar product during the period of review.  Id. at 11–12.  Commerce determined that, pursuant to 19 C.F.R. § 351.401(f)(1), Deosen Biochemical Ltd. should not be collapsed with Deosen Biochemical (Ordos) Ltd. for the 2019–2020 period of review.  Id. at 12.  Consequently, Commerce determined that Deosen Biochemical Ltd.'s 2019–2020 administrative review should be rescinded.  Id. at 13.

Commerce's recalculation of Meihua's dumping margin rate and recalculation of the separate rate for Jianlong and Deosen is consistent with the Court's prior opinions and orders in Meihua I and Meihua II.  Meihua I, 47 CIT at __, 633 F. Supp. 3d at 1213; Meihua II, 48 CIT at __, 686 F. Supp. 3d at 1370.  Commerce's determinations that Deosen did not comprise a single entity for the 2019–2020 period of review and that Deosen Biochemical Ltd.'s 2019–2020 administrative review should be rescinded are also consistent with the Court's prior

Consol. Court No. 22-00069                                                                Page 9

opinion and orders in <u>Meihua I</u> and <u>Meihua II</u>.  <u>Meihua I</u>, at ___, 633 F. Supp. 3d at

1215; <u>Meihua II</u>, at ___, 686 F. Supp. 3d at 1374.

## CONCLUSION

The Court sustains the <u>Second Remand Redetermination</u>.  Accordingly, it is

hereby

**ORDERED** that Plaintiffs' Unopposed Motion to Forego Comment Period,

ECF No. 78, is granted; and it is further

**ORDERED** that the remaining deadlines and opportunities for comments in

opposition and in support of the Second Remand Redetermination, as specified in

the Court's Amended Scheduling Order, ECF No. 72, are hereby stricken.

Judgment will be entered accordingly.


                                                                   /s/   Jennifer Choe-Groves
                                                                  Jennifer Choe-Groves, Judge


Dated:      July 29, 2024
            New York, New York